**STEINBERG et al. v. HARDY et al.**

**Civ. No. 2806.**

United States District Court
District Connecticut.

Sept. 27, 1950.

See also, D.C., 90 F.Supp. 171.

———————

Harry Tulin, Hartford, Conn., Abraham Marcus, New York City, for plaintiff.

Wiggin & Dana, by Frank E. Callahan, all of New Haven, Conn., for defendants Hardy and Buckley.

Thompson, Weir & MacDonald, by Curtiss K. Thompson all of New Haven, Conn., for defendants Barium Steel Corp. and Central Iron and Steel Co.

HINCKS, Chief Judge.

This is a derivative stockholders' action which was settled for $100,000 on the eve of trial. Thereafter, I awarded plaintiffs' attorneys $18,000 as compensation for their services and ordered that they be reimbursed for all their expenses. The case is now before the court on request of plaintiffs' counsel for reargument, a request made in the belief that if I had not acted under some inadvertence I would have made a larger allowance. The argument does not lead me to revise my action. It has, however, served as a suggestion that I should state the bases for my award so that if any error be concealed beneath the aegis of a discretionary power those affected may take it up for correction.

I have proceeded in the conviction that in cases such as this the award to counsel for a successful plaintiff should not, on the one hand, be so niggardly as to discourage the championship of integrity in corporate management, nor so extravagant, on the other hand, as to encourage the fomentation of strike actions. And within these broad boundary zones the dimensions of the award should be fixed, I agree, with a view to the extent of the benefit achieved for the corporate defendant, rather than by the fraction thereof inuring to the benefit of stockholders named as plaintiffs. And since the stockholders who furnish the initiative in bringing the action are seldom willing or able to assume responsibility for the expense of the entire prosecution and since the corporation cannot be legally holden for plaintiffs' expenses unless the action results in a benefit to the corporation, actions, even when well-founded, will seldom be brought unless counsel can be found who will serve for a compensation contingent upon success. Other factors being equal, obviously a retainer on a contingent basis is distinctly less attractive to a lawyer than one not subject to such a contingency. Consequently lawyers assured of an abundance of retainers free from undesired contingencies will seldom be found to prosecute stockholders' suits unless the courts recognize the need to fix their compensation on a more liberal basis by reason of the contingent factor in their retainer.

874

■ This factor is generally recognized when an individual client prefers to retain a lawyer on a contingent basis. In such cases, practical considerations require that the basis of the fee be agreed upon in advance: both client and lawyer would be reluctant to proceed without a firm contract and both, I apprehend, would fear that if the fee were left to be fixed upon the termination of the agreement considerations of self-interest might obscure considerations of fairness. But it is well-nigh impossible to estimate in advance the extent and difficulties of complicated litigation. Moreover, the client, even if his attitude is objective, is seldom qualified to pass upon his lawyer's representations as to time reasonably required for, and actually spent on the task. Consequently, when a contingent fee is to be fixed by the agreement of the parties to the retainer, the parties generally prefer to proceed on the basis of an agreed percentage of the recovery. I think I may take judicial notice of the custom in this district whereby in the usual range of contested cases the agreed percentage, generally believed sufficiently to reflect the contingent feature of the retainer, varies from about 25% to 50%. A frequent form of agreement, which has always impressed me as being particularly fair, is one calling for a percentage in the lower range of that bracket, if the case is settled without trial and for higher percentages if the recovery comes only after trial or after trial and appeal. I also am familiar with the commercial practice whereby the attorney's fee in collections made without action brought is based upon the recovery through a percentage which diminishes as the size of the recovery increases. These practices recognize the desirability of adjusting the fee at least roughly in accordance with the amount of work done in so far as that may be practical in agreements made before the litigation is begun. But candor requires recognition of the fact that any fee fixed in advance may prove to be out of line with the actual value of legal services subsequently rendered.

It will be observed, however, that the situation is different where the lawyer's compensation is fixed by judicial award after the litigation has been concluded. In such cases, the amount and quality of the lawyer's work can be appraised with at least approximate accuracy and the award, duly weighted to reflect the liberality required because of the contingent feature of the employment, will be made by a disinterested authority empowered to insist upon the submission of relevant information and qualified, it may be hoped, to analyze and appraise the same. And the decision will be made after judicial hearing and hence will be subject to the safeguards provided by that process. The cruder bases which alone are available for compensation agreements made before the work is done will be neither needed nor helpful in the judicial task and at most should serve as a caution that the judicial mind should check its results.

■ Turning then to the operative facts of this case, I find that the lawyers' time actually expended was of such volume that it could be compressed into seventy-five working days, which were spread over a period of sixteen months. Neither the petitioner nor counsel for the corporate defendant seemed to question this summary of the affidavit supporting the petition. Most of this work was done by lawyers having the experience of some eighteen years of practice; a minor part by an assistant in practice for only two years. The work included, on preliminary motions, the argument and briefing of matters involving highly technical subject-matter, the taking of depositions, all the detail incident to complete preparation for trial including much legal research, and finally much detail and correspondence relating to the settlement. The work was conscientiously and skilfully done and had the success recorded in the first paragraph of this memorandum. On these facts, counsel for the corporate defendant argued that the award should not exceed $15,000. As above stated I allowed $18,000. I still feel that the award sufficiently reflected the liberality proper in view of the factors discussed above and, on the other hand, was not excessive from the standpoint of the corporation.

I doubt whether under this award the remuneration of plaintiffs' counsel for their time and effort will prove less generous than that provided in many cases to which they refer, in which the ratio of award to recovery happened to be higher. Take Marcus v. Otis, D.C., 83 F.Supp. 893, in which the petitioners here were also counsel for successful plaintiffs. There, it is true, the award to lawyers and accountants was one-third of the recovery. But there the litigation wound through two trials, two appeals, a final rehearing in the appellate court and a final hearing in the trial court. *Non constat*, that the award here, which happens to be 18% of the recovery, provides compensation essentially less generous. And so, as to the other cases cited: in none are the underlying facts sufficiently stated to permit of any useful comparison.

It is accordingly ordered that the award be not revised.